**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 10-cr-00509-REB-02

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. SCOTT ANTHONY WHATCOTT,
    aka Michael Scott Smith,
    aka Scott Vasadi,

    Defendant.

## ORDER RE: 404(b) EVIDENCE

**Blackburn, J.**

The matter before me is defendant Whatcott's **Motion Requesting Delineation of 404(b) Evidence by the Government** [#143],[1] filed June 10, 2011. The government filed a response [#152] on June 15, 2011.

As a starting point, defendant's discreet request for timely pretrial disclosure of 404(b) notice and evidence are governed initially by the extant **Discovery Conference Memorandum and Order** [#28], filed October 26, 2010). Defendant, relevantly, participated in the formulation of that order. The order requires in relevant part that the government to provide written notice to defendant no later than 21 days before trial of the government's intent to introduce evidence under Fed.R.Evid. 404(b). (*Id.* ¶ I(C) at 4 & ¶ V(A) at 8.)

Having otherwise considered, but not necessarily accepted, the reasons stated, arguments advanced, and authorities cited by the defendants in their respective motions and the government in its consolidated response, I find and conclude that, beyond the

---

[1] "[#143]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

requirements of Fed. R. Crim. P. 16, and **Brady**, **Bagley**, **Giglio**,[2] and their progeny, a defendant does not have a discreet right to pretrial notice or disclosure of evidence that is inextricably intertwined with the acts charged or is considered intrinsic or contextual evidence.  Considering the totality of relevant circumstances, pretrial notice and disclosure 21 days before trial of putative 404(b) evidence is eminently reasonable.  Such advance notice and disclosure will provide defendant with a reasonable time and opportunity to prepare to meet such evidence by cross-examination or competing evidence.  Moreover, the court may, but is not required to, consider the propriety of any such putative 404(b) evidence *in limine*.

      **THEREFORE, IT IS ORDERED** as follows:

      1.  That defendant Whatcott's **Motion Requesting Delineation of 404(b) Evidence by the Government** [#143] filed June 10, 2011, is **GRANTED**, consistent with the foregoing findings and conclusions and the following orders; and

      2.  That not later than 21 days before trial, the government **SHALL PROVIDE** reasonable notice of the general nature of any such evidence it intends to introduce at trial under Fed.R.Evid. 404(b).

      Dated August 17, 2011, at Denver, Colorado.

                                  **BY THE COURT:**

_Bob Blackburn_
Robert E. Blackburn
United States District Judge

---

[2] The reference to "**Brady, Bagley, Giglio**," alludes to Supreme Court's seminal decisions in **Brady v. Maryland**, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); **United States v. Bagley**, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985); and **Giglio v. United States**, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972).