**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 10-cr-00509-REB-01

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  SCOTT ANTHONY WHATCOTT,
    a/k/a Michael Scott Smith,
    a/k/a Scott Vasadi,

    Defendant.

_____

**ORDER RE MOTION FOR APPROVAL OF FUNDS FOR
INDEPENDENT PARALEGAL CONTRACTOR IN EXCESS OF
STATUTORY MAXIMUMS FOR SERVICES ALREADY RENDERED**
_____

**Blackburn, J.**

    The matter is again before the court on defendant's **Motion For Approval of Funds For Independent Paralegal Contractor in Excess of Statuatory** [*sic*] **Maximums For Services Already Rendered** [#461][1] filed *ex parte* on October 4, 2013. Although there is no legal basis to grant the motion, I exercise my inherent authority in equity to grant the motion.

    The tortured procedural history of this motion – and others of its ilk – is well-known to counsel for the defendant and the court and need not be soporifically rehearsed now. Suffice it to say, the matter has been mismanaged by counsel at almost

---

[1] "[#461]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

every turn.[2] Ultimately and eventually, counsel was tasked by the court to circumstantiate the CJA funds requested in the context of the requirements of 18 U.S.C. § 3600A(e)(2)(B) and the Guide to Judiciary Policy Volume 7A, § 320.10. However, even as developed and supplemented, the present record does not support a finding and conclusion that the $9,560 for the services of paralegal, Geraldine M. Berry, could not await authorization by the court before the services were rendered. Thus, there is no legal basis for such an award.

However, this court also sits in equity. Equitably, it would be unconscionably unfair to the paralegal – who did the work with the reasonable and good faith belief that she would be paid – not to receive reasonable compensation for services necessary to an adequate defense of Mr. Whatcott.[3] Thus, as an equitable matter, the request should be granted.

**THEREFORE, IT IS ORDERED** that the **Motion For Approval of Funds For Independent Paralegal Contractor in Excess of Statuatory** [*sic*] **Maximums For Services Already Rendered** [#461] filed *ex parte* on October 4, 2013, is **GRANTED**.

Dated October 30, 2014, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge

---

[2] To quote a credibly contrite attorney from the hearing on February 14, 2013: "Oh, Your Honor, I can't tell you how much I apologize. Like I said, if there was a way I could have done it wrong, I did it. And if there had been an additional way, I'd have found it."

[3] The court is satisfied that the paralegal services rendered were necessary for an adequate defense and are reasonable in amount.